IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2016 at Knoxville

**STATE OF TENNESSEE v. LUIS CASTANON**

**Appeal from the Criminal Court for Davidson County**
**No. 98-C-2056      Seth W. Norman, Judge**
_____

**No. M2016-00797-CCA-R3-CD – Filed November 7, 2016**
_____

Luis Castanon, the Petitioner, appeals the summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. Because the motion failed to state a colorable claim, we affirm the trial court's summary denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Luis Castanon, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**Background**

In 2000, the Petitioner was convicted of four counts of aggravated rape and one count of aggravated burglary and was sentenced to twenty years for each of the aggravated rape convictions and three years for aggravated burglary. Three of the aggravated rape convictions were ordered to be served consecutively, and the fourth aggravated rape conviction and the aggravated burglary conviction were ordered to be served concurrently, for an effective sentence of sixty years. The Petitioner appealed, claiming there was insufficient evidence to support his convictions and that the

consecutive alignment of the three aggravated rape convictions was improper. In the direct appeal, this court affirmed the convictions and the consecutive sentences. State v. Luis Castanon, No. M2003-01491-CCA-R3-CD, 2005 WL 544724, *1 (Tenn. Crim. App. Mar. 8, 2005), perm. app. denied (Tenn. Aug. 22, 2005).

In March 2016, the Petitioner filed pro se a document titled "Rule 36.1 Correction of Illegal Sentence" ("the motion") in which he asked for relief pursuant to both Tenn. R. Crim. P. 36.1 and the Post-Conviction DNA Analysis Act of 2001, Tenn. Code Ann. § 40-30-301, et seq. ("the DNA Analysis Act"). The Petitioner claimed that his sentences are "void and illegal" because they were imposed in "direct contravention" of the DNA Analysis Act. The Petitioner "request[ed] DNA analysis be performed so that he could attack his prior convictions."[1] Additionally, the Petitioner claimed that the length of his sentence and the consecutive alignment of three of his aggravated rape sentences were imposed in direct violation of Tennessee Code Annotated section 40-35-102(1) ("Every defendant shall be punished by the imposition of a sentence justly deserved in relation to the seriousness of the offense[.]") and section 40-35-103(2) ("The sentence imposed should be no greater than that deserved for the offense committed[.]").

In a written order, the trial court found that the Petitioner's sentence was legal and summarily denied the motion. The trial court did not address the request for DNA analysis. This timely appeal followed.

## Analysis

On appeal, the Petitioner argues that the trial court erred in summarily denying his motion. In his brief, the Petitioner claims that his sentence is illegal (1) because of "excessive prosecution," (2) because he should have been convicted of "recklessly entering a habitation" instead of aggravated burglary,[2] (3) because the rapes occurred

---

[1] We cannot determine what the Petitioner was trying to accomplish by this reliance on the Post-Conviction DNA Analysis Act of 2001. Even though we later determine the issue was abandoned in this appeal, we note that in the direct appeal, this court stated: "A DNA test revealed that the DNA of semen collected from the victim's neck and hair matched Defendant's DNA." Id. at *2. Additionally, we are perplexed by the following statement in Petitioner's brief: "[The Petitioner] was [at] the sce[n]e[] of the crime and did unlawfully penetrate a sexual act on [the victim] once, not multiple time[s] within the two (2) hrs. present [sic]." In the Argument section of his brief, the Petitioner asks this court to vacate his sentences in Counts 2, 3, and 4 and allow the Petitioner "to serve out" his twenty-year sentence for aggravated rape at 100% in Count 1 and his three-year sentence for aggravated burglary.

[2] The first two issues demonstrate a complete lack of understand concerning Petitioner's aggravated burglary conviction in Count 5. For the purposes of this case, the aggravated burglary occurred when the Petitioner entered the victim's home, without her consent, with the intent to commit a felony, to-wit: aggravated rape. The aggravated rape was not a separate offense as the Petitioner seems to

within a two-hour period and therefore the convictions "are without elements of a subsequent crime," and (4) because the sentence is excessive as the victim never claimed the Petitioner "stop[ped] and came back in [the] bedroom" after the first aggravated rape.

By failing to raise any issue concerning DNA in his brief, the Petitioner has abandoned the DNA Analysis Act claims made in the motion.

The State argues the "trial court properly and correctly determined that the [Petitioner] failed to state a colorable claim for relief under Tenn. R. Crim. P. 36.1." We agree with the State.

Initially, we note that the issues set forth in the Petitioner's brief were not raised in the motion. The four issues presented in the brief pertain to appealable errors. These issues were specifically addressed in the direct appeal in which this court determined that "the evidence is sufficient to support the convictions for aggravated burglary and aggravated rape." Rule 36.1 is not a mechanism for relief from appealable errors. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015) (citing Cantrell v. Easterling, 346 S.W.3d 445, 450-51 (Tenn. 2011).

### *The Rule 36.1 Motion*

Because the Petitioner is pro se, we will address the issues concerning the length of the effective sentence and the consecutive alignment of three of the sentences for aggravated rape to determine if the motion states a colorable claim, even though those issues are not specifically addressed in the brief. Whether the Petitioner's motion states a colorable claim under Rule 36.1 "is a question of law, to which de novo review applies." Id. at 589.

"[T]he express purpose [of Rule 36.1 is] 'to provide a mechanism for the defendant or the State to seek to correct an illegal sentence.'" Id. at 591 (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt.) (emphasis omitted). For Rule 36.1 purposes, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

Aggravated rape is a Class A felony. Tenn. Code Ann. § 39-13-502(b). The Petitioner was sentenced as a Range I standard offender. The punishment for a Range I standard offender convicted of a Class A felony is not less than fifteen nor more than twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1). There is no release eligibility for aggravated rape. Tenn. Code Ann. § 40-35-501(i)(1)-(2)(F) (stating that a person convicted of aggravated rape "shall serve one hundred percent (100%) of the sentence

---

believe; rather, it was the intent to enter to commit aggravated rape that constituted one of the elements necessary for a conviction of aggravated burglary.

imposed by the court less sentence credits earned and retained[]"). The Petitioner was sentenced to twenty years at 100% for each of the aggravated rape convictions. The Petitioner's aggravated rape sentences we "authorized by the applicable statutes" and are legal sentences. Tenn. R. Crim. P. 36.1(a)(2).

Aggravated burglary is a Class C felony. Tenn. Code Ann. § 39-14-403(b). The Petitioner was sentenced as a Range I standard offender. The punishment for a Range I standard offender convicted of a Class C felony is not less than three nor more than six years. Tenn. Code Ann. § 40-35-112(a)(3). The Petitioner was sentenced to three years for aggravated burglary. The Petitioner's aggravated burglary sentence is "authorized by the applicable statutes" and is a legal sentence. Tenn. R. Crim. P. 36.1(a)(2).

The Petitioner claimed that the length of his sentence and the consecutive alignment of three of his aggravated rape sentences were imposed in direct violation of "T.C.A. §40-35-102(1) and §40-35-103(2)." The Petitioner raised this same issue in his direct appeal where this court determined "[t]he aggregate sentence was justly deserved in relation to the seriousness of the offenses and was not greater than that deserved." Id. at *7. As previously stated, Rule 36.1 is not a mechanism for relief from appealable errors.

## Conclusion

Even when viewed in a light most favorable to the Petitioner, the motion fails to state a colorable claim for relief under Rule 36.1. We hold that the trial court did not err in summarily denying the Rule 36.1 motion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE